UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, *et al.*, | ) | |
| | ) | |
| Petitioners, | ) | |
| | ) | |
| v. | ) | No. 3:12-CV-107-TAV-CCS |
| | ) | |
| MARK IVENS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

On March 11, 2014, the United States and Revenue Agent Velvet Cole (hereinafter collectively the "United States") filed a Motion to Hold Respondent Mark Ivens in Contempt of Court [Doc. 14]. The United States alleged that Mr. Ivens had failed to fulfill his document production duties prescribed by the Agreed Order entered by the Chief District Judge on May 22, 2012. The United States maintained that, despite numerous meetings with Mr. Ivens, Mr. Ivens's tax returns for years 2005 to 2012 and supporting documentation for the returns remained deficient. Mr. Ivens did not file a timely response to the Motion for Contempt.

On April 25, 2014, the Chief District Judge referred the Motion for Contempt to the undersigned, and on April 29, 2014, the Court entered an Order setting a show cause hearing for May 27, 2014. On May 20, 2014, Mr. Ivens filed a Motion to Continue Show Cause Hearing [Doc. 22]. The Court granted the request and continued the hearing to June 26, 2014. [Doc. 24].

On June 26, 2014, the parties appeared before the undersigned to address the Motion for Contempt. At that time, the Court determined that it would be most efficient to address the expansive allegations of non-compliance one year at a time. Thus, the Court began by addressing tax year 2007, and after hearing from the parties, the Court entered an Order that contained specific guidelines and directives regarding the production for the tax year 2007. The Court set the following deadlines: Mr. Ivens would have until August 4, 2014 to produce the documentation regarding his 2007 income and expenses; the Government would review the production and then file a written response, stating whether and in what way the production was deficient, by August 15, 2014; and Mr. Ivens would have until August 25, 2014, to correct any deficiencies in his document production. At that time, the Motion for Contempt was held in abeyance.

On August 4, 2014, Mr. Ivens moved the Court to extend his time for producing the documentation. In support of his request, Mr. Ivens stated that he "wa[s] unable to locate some of the records he needed" and that documentation for "particular months" in 2007 "may be missing . . . but that has not yet been determined with any certainty." [Doc. 29]. The Court found Mr. Ivens's position unpersuasive, because the Court had built additional time for production into its original schedule, *i.e.* the August 25, 2014 deadline. The Court found that Mr. Ivens's vague allegations did not support granting him additional time beyond August 25, 2014, which at that point was eighteen (18) days away.

On August 15, 2014, the United States filed a response to Mr. Ivens's production detailing the deficiencies in Mr. Ivens's production. [Doc. 33]. Mr. Ivens did not file any response to the United States's submission. Instead, on August 27, 2014, he filed a Motion to Allow Counsel Additional Time to Produce Documents, stating that Mr. Ivens had failed to

2

comply with the deadline of August 25, 2014, because his counsel was ill on August 25 and because his counsel had a custody matter set in a local juvenile court on August 26. In the Motion for Additional Time, counsel for Mr. Ivens submitted that he would produce the appropriate documents to the United States Attorney's Office on August 29, 2014.

Upon the filing of this second motion for extension, the undersigned elected to set a telephonic hearing and status conference on September 5, 2014. The Clerk of Court sent notice on August 29, 2014, setting the conference. At that time, Attorney Steve Merritt appeared on behalf of Mr. Ivens. Despite the gravity of the relief requested by the United States, Mr. Ivens declined to participate in the conference. Assistant United States Attorney Loretta Harber participated on behalf of the United States.

At that time, counsel for Mr. Ivens presented a number of bases for the lack of production, including: a lack of cooperation from First Tennessee Bank; a failure of Mr. Ivens's banks to produce documentation about Mr. Ivens's income; a failure of counsel's office staff to review production from Capital Bank; and a lack of understanding of the Court's previous Order. The Court found all of these excuses to be unpersuasive. With regard to First Tennessee, it appeared that Mr. Ivens, himself, had failed to actually ask the bank for documentation regarding his accounts, as opposed to having counsel or counsel's staff ask for the documents. The attempt to blame the banks for not producing income information was not persausive, because banks are not charged with keeping taxpayers' income documentation, *i.e.* W-2s, 1099s, and pay stubs. With regard to blaming staff for shortcomings, the Court again reminded Mr. Merritt that casting such blame was unacceptable. See McKenzie v. U.S. Cellular Corp., No. 3:12-CV-627, Doc. 20 at 4 (April 3, 2014) (admonishing Mr. Merritt that he is responsible for complying with his obligations as counsel "and must not blame support staff for such failures"). Finally, counsel did

3

not identify any specific ambiguity in the Court's previous Order, and the Court reminded counsel that, to the extent there was any ambiguity, he should have sought clarification prior to allowing the almost sixty (60) days extended for production to elapse.

In addition, the Court found that Mr. Ivens's counsel was woefully underprepared for the conference before the undersigned. When asked which documents had been produced to the United States, he could not respond with any specificity. When asked what documents had been produced pursuant to service of subpoenas – for example, pursuant to the subpoena served upon Capital Bank – counsel for Mr. Ivens responded that he had not yet opened the documents that had been sent to him. When asked to identify the account numbers[1] for which production had or had not been completed, counsel for Mr. Ivens responded that he was in his car and did not have his files in front of him. The Court admonished counsel that it would not tolerate such excuses or similar excuses – *i.e.* interference from a matter pending in another court, general and typical family obligations, an IT failure, or general office matters – for a lack of preparation in the future.

For its part, the United States opposed Mr. Ivens's Motion to Allow Additional Time, but the United States maintained that it wanted to obtain as much of the documentation from Mr. Ivens as possible. Ms. Harber stated that the United States fears that Mr. Ivens will fail to produce documentation in this proceeding, but he will then produce the documentation in a later prosecution or enforcement action. Ms. Harber explained that ultimately the United States would like to question Mr. Ivens under oath and obtain testimony under oath that he has produced all of the documentation available to him. The United States argued that Mr. Ivens has

---

[1] Identification by account numbers was necessary, because Mr. Ivens and his related entities have numerous accounts at certain banks, and thus, the Court and parties cannot simply refer to an account as, for example, "the First Tennessee account."

4

demonstrated an obvious disregard for his obligations under the Chief District Judge's Order and his obligations pursuant to the Order of the undersigned.

Having heard from the parties, the Court **FINDS** and **ORDERS** as follows:

1. Almost six months have elapsed since the United States filed its Motion for Contempt. During that time, the history of this issue and Mr. Ivens's alleged productions and remaining non-compliance has evolved considerably. The Court finds that any considerations of Mr. Ivens's alleged contempt should be reflected in a concise and summarized new pleading – which should include the nature and extent of Ivens's production, the nature and extent of his current non-compliance, the Court's continued attempts to obtain Mr. Ivens's cooperation, and the alleged persistence of his failure to comply. This revised filing will ultimately aid the undersigned and the Chief District Judge in determining whether Mr. Ivens should be held in contempt of court without having to resort to numerous historical pleadings and delination of what matters have been complied with and which ones have not. Accordingly, this Motion for Contempt **[Doc. 14]** is **DENIED WITHOUT PREJUDICE**, to allow re-filing of another motion for contempt consistent with the foregoing.

2. The Motion to Allow Additional Time **[Doc. 34]** is **GRANTED,** as follows. Mr. Ivens **SHALL** *fully* comply with the document production regarding *tax year 2007* as requested by the United States and outlined in the Court's previous Order [Doc. 26] on or before **September 26, 2014**. This deadline *will not be extended further* absent a detailed showing of the most extraordinary and atypical circumstances.

3. Counsel for Mr. Ivens **SHALL** deliver a copy of this Memorandum and Order to Mr. Ivens *immediately*.

5

4. After September 26, 2014, the United States and its counsel **SHALL** review the final production from Mr. Ivens. If the production is sufficient, the parties shall confer and immediately move on to production for another tax year and continue until all of the production is completed. If the production is not sufficient, the United States may file an amended and renewed motion for contempt. If the United States finds that it is appropriate to re-file its motion for contempt and the issue is referred to the undersigned, the Court will set a timely evidentiary hearing to permit the United States to elicit relevant testimony from Mr. Ivens and/or other witnesses.

5. Mr. Ivens is **REMINDED** of the severity of the allegations against him and **ADMONISHED** that if he continues to defy the Orders of this Court he is likely to be found in contempt of Court and to be subjected to substantial fines and/or incarcerated.

**IT IS SO ORDERED.**

                                              ENTER:

                                              <u>s/ C. Clifford Shirley, Jr.</u>
                                              United States Magistrate Judge